**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JACK M. PADGETT**

**CASE NO.:** 3:17-cv-1408-J-39PDB

**Plaintiff,**

**vs.**

**MIZELL DEVELOPMENT, INC**
**A Florida Corporation, and**
**ADAM MIZELL, individually,**

**Defendants.**

______________________________________/

2017 DEC 18 PM 1:37
FILED

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JACK M. PADGETT, by and through his undersigned attorneys, sues the Defendant, MIZELL DEVELOPMENT, INC., a Florida corporation, and ADAM MIZELL an individual and alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction for unpaid wage and overtime claims is granted to this Court by 28 U.S.C. §1331 and 29 U.S.C. §216 of the Fair Labor Standards Act, hereinafter FLSA as amended by 29 U.S.C. 251 et seq., entitled the Portal to Portal Act of 1947.

2. Some or all of the activities giving rise to this action occurred in Nassau County, Florida; said county is within the Jacksonville Division of the United States District Court for the Middle District of Florida.

## THE PARTIES

3. The Plaintiff, JACK M. PADGETT, is an adult resident of Union County, Florida.

4. The Defendant, MIZELL DEVELOPMENT is and was at all times material herein, a Florida Corporation with its principal address in Callahan, Nassau County, Florida.

5. The Defendant, ADAM MIZELL is an adult and was at all times material the principal owner of MIZELL DEVELOPMENT with his principle address in Nassau County, Florida.

## FACTS COMMON TO ALL COUNTS

6. From approximately January 2014 until December 9, 2016, Plaintiff was employed full-time by Defendant(s) and paid on an hourly basis.

7. At all times material herein Plaintiff was an "employee" of Defendant, MIZELL DEVELOPMENT within the meaning of the FLSA.

8. At all times material herein Plaintiff was also an "employee" of Defendant, ADAM MIZELL, individually, within the meaning of the FLSA.

9. At all times material herein Defendant, MIZELL DEVELOPMENT was a for profit corporation and an "employer" within the meaning of the FLSA.

10. At all times material herein Defendant, ADAM MIZELL, individually, was an "employer" within the meaning of the FLSA.

11. At all times material herein MIZELL DEVELOPMENT was owned individually by ADAM MIZELL.

12. At all times material herein Defendant, MIZELL DEVELOPMENT was engaged in commerce as the term is used and defined by the FLSA.

13. At all times material herein Defendant, ADAM MIZELL, individually, was engaged in commerce as the term is used and defined by the FLSA.

14. At all times material herein Plaintiff was employed by the Defendant(s) as a heavy equipment operator who's regularly assigned duties entitled him to the wage and hour protections of the FLSA.

15. At all times material herein Plaintiff was an employee who was regularly paid on an hourly basis for work in excess of forty (40) hours during one or more weeks during the relevant employment periods.

16. Despite Plaintiff being regularly compensated for overtime worked, he was not paid for certain additional overtime hours worked in the manner described hereinafter.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**COUNT I- MIZELL DEVELOPMENT'S FAILURE TO PAY OVERTIME FOR WORK PERFORMED IN VIOLATION OF FLSA**

18. The allegations of paragraphs 1 through 18 are re-alleged and incorporated herein.

19. This is an action under section 207 of the FLSA, for recovery of overtime compensation for certain work performed by the Plaintiff.

20. Between approximately January of 2014 and December 2016, Plaintiff was employed by MIZELL DEVELOPMENT, to fuel, service and operate heavy equipment.

21. Plaintiff was only compensated by MIZELL DEVELOPMENT for time worked after he actually began operating his assigned machine at a particular job site.

22. On a daily basis, MIZELL DEVELOPMENT required Plaintiff to fill an external fuel tank located on the back of his company owned work vehicle and thereafter transport that fuel to an assigned work site.

23. Upon his arriving at the worksite, Plaintiff would then refuel his machine from the fuel tank on his vehicle. Plaintiff remained uncompensated for work he performed for the benefit of the MIZELL DEVELOPMENT during his commute to the worksite.

24. The daily filling of the external fuel tank required by MIZELL DEVELOPMENT obligated the plaintiff to work not less than an average of 15 minutes per day. Thereafter, the trip time for transporting the fuel tank to a particular job site varied between 30 minutes and 2 hours.

25. Plaintiff was entitled to be compensated for all time spent fueling the external fuel tank, transporting such fuel to the jobsite and then refueling his machine.

26. All work performed during travel is compensable under the Portal-to-Portal Act under 29 U.S.C §251 et seq. and 29 C.F.R. §785.41

27. The hours spent completing such work for MIZELL DEVELOPMENT resulted in Plaintiff's having worked in excess of forty (40) hours in a week and thus, Plaintiff

was entitled to be paid overtime for such work at one and one-half times the base hourly rate he was being paid at the time the work was performed.

28. MIZELL DEVELOPMENT'S refusal to compensate Plaintiff for hours worked was willful and/or showed reckless disregard for the requirements of the FLSA.

29. As a result of MIZELL DEVELOPMENT'S willful refusal to pay required overtime wages, Plaintiff has suffered a wage loss which he is entitled under the FLSA to recover.

30. As a result of MIZELL DEVELOPMENT'S willful refusal to pay required overtime wages, Plaintiff has been required to retain undersigned counsel to whom he is obligated to pay a reasonable fee.

NOW WHEREFORE Plaintiff prays this Court to order MIZELL DEVELOPMENT to:

1) Award the Plaintiff payment for all uncompensated overtime hours spent during the three-year period preceding the filing of the lawsuit at a rate equal to one and one-half the regular hourly rate he was being paid at the time the work was performed.

2) Award an equal amount in liquidated damages as provided by the FLSA.

3) Award prejudgment interest on all unpaid wages.

4) Award the Plaintiff all costs and fees, including a reasonable attorneys' fee.

**COUNT II-ADAM MIZELL'S FAILURE TO PAY OVERTIME FOR WORK PERFORMED IN VIOLATION OF FLSA**

31. The allegations of paragraphs 1 through 18 are re-alleged and incorporated herein.

32. This is an action under section 207 of the FLSA, for recovery of overtime compensation for certain work performed by the Plaintiff.

33. Between approximately January of 2014 and December 2016, Plaintiff was employed by ADAM MIZELL to fuel, service and operate heavy equipment.

34. Plaintiff was only compensated by ADAM MIZELL for time worked after he actually began operating his assigned machine at a particular job site.

35. On a daily basis ADAM MIZELL required Plaintiff to fill an external fuel tank located on the back of his company owned work vehicle and thereafter transport that fuel to an assigned work site.

36. Upon his arriving at the worksite, Plaintiff would then refuel his machine from the fuel tank on his vehicle. Plaintiff remained uncompensated for work he performed for the benefit of the ADAM MIZELL during his commute to the worksite.

37. The daily filling of the external fuel tank required by ADAM MIZELL obligated the plaintiff to work not less than an average of 15 minutes per day. Thereafter, the trip time for transporting the fuel tank to a particular job site varied between 30 minutes and 2 hours.

38. Plaintiff was entitled to be compensated for all time spent fueling the external fuel tank, transporting such fuel to the jobsite and then refueling his machine.

39. All work performed during travel is compensable under the Portal-to-Portal Act under 29 U.S.C §251 et seq. and 29 C.F.R. §785.41

40. The hours spent completing such work for ADAM MIZELL resulted in Plaintiff's having worked in excess of forty (40) hours in a week and, thus Plaintiff was entitled to be paid overtime for such work at one and one-half times the base hourly rate he was being paid at the time the work was performed.

41. ADAM MIZELL'S refusal to compensate Plaintiff for hours worked was willful and/or showed reckless disregard for the requirements of the FLSA.

42. As a result of ADAM MIZELL'S willful refusal to pay required overtime wages, Plaintiff has suffered a wage loss which he is entitled under the FLSA to recover.

43. As a result of ADAM MIZELL'S willful refusal to pay required overtime wages, Plaintiff has been required to retain undersigned counsel to whom he is obligated to pay a reasonable fee.

NOW WHEREFORE Plaintiff prays this Court to order ADAM MIZELL to:

1) Award the Plaintiff payment for all uncompensated overtime hours spent during the three-year period preceding the filing of the lawsuit at a rate equal to one and one-half the regular hourly rate he was being paid at the time the work was performed.

2) Award an equal amount in liquidated damages as provided by the FLSA.

3) Award prejudgment interest on all unpaid wages.

4) Award the Plaintiff all costs and fees, including a reasonable attorneys' fee.

**COUNT III- MIZELL DEVELOPMENT'S RETALIATORY DISCHARGE IN VIOLATION OF FAIR LABOR STANDARDS ACT**

44. The allegations of paragraphs 1 through 23 are re-alleged and incorporated herein.

45. This is an action under FLSA, 29 U.S.C. §215, for retaliatory discharge.

46. Beginning approximately six months prior to his discharge from employment, Plaintiff reported and complained to his immediate supervisor as well as to ADAM MIZELL regarding the above-stated failure to pay for hours worked as required by the FLSA.

47. Plaintiff was subsequently discharged by MIZELL DEVELOPMENT on or about December 9, 2016 in retaliation for his having complained repeatedly to his supervisor and to ADAM MIZELL about MIZELL DEVELOPMENT'S unwillingness to pay Plaintiff and others similarly situated for all hours worked as outlined above.

48. By discharging the Plaintiff for having repeatedly complained about his employer's failure to pay overtime for certain work he and others had regularly performed, the Plaintiff was wrongfully terminated for engaging in activities protected by the FLSA.

49. MIZELL DEVELOPMENT's discharge of the Plaintiff in retaliation for having engaged in activities protected by the FLSA was a willful violation of rights secured to Plaintiff by the FLSA.

NOW WHEREFORE Plaintiff prays this Court to order MIZELL DEVELOPMENT to:

1) Reinstate the Plaintiff to his former or equivalent position with all wage increases, benefits, bonuses and emoluments to which he would have been entitled had he not been unlawfully discharged.

2) Award to Plaintiff back pay for the time period from December 9, 2016 to the date of the Court's order.

3) Award the Plaintiff liquidated damages in an amount equal to all losses incurred due to his unlawful discharge.

3) Award prejudgment interest on all unpaid wages and damages.

4) Award the Plaintiff all statutory costs and fees, including a reasonable attorneys' fee.

5) Order such other equitable remedies this court deems necessary.

## COUNT IV- ADAM MIZELL'S RETALIATORY DISCHARGE IN VIOLATION OF FAIR LABOR STANDARDS ACT

The allegations of paragraphs 1 through 50 are re-alleged and incorporated herein.

50. This is an action under FLSA, 29 U.S.C. §215, for retaliatory discharge.

51. Beginning approximately six months prior to his discharge from employment, Plaintiff reported and complained to ADAM MIZELL regarding the above-stated failure to pay for hours worked as required by the FLSA.

52. Plaintiff was subsequently discharged by ADAM MIZELL on or about December 9, 2016 in retaliation for his having complained repeatedly to his supervisor and to ADAM MIZELL concerning his unwillingness to pay Plaintiff and others similarly situated for all hours worked as outlined above.

53. By discharging the Plaintiff for having repeatedly complained about ADAM MIZELL'S failure to pay overtime for certain work he and others had regularly performed, the Plaintiff was wrongfully terminated for activities protected by FLSA.

54. ADAM MIZELL's discharge of the Plaintiff in retaliation for having engaged in activities protected by the FLSA was a willful violation of rights secured to Plaintiff by the FLSA.

NOW WHEREFORE Plaintiff prays this Court to order ADAM MIZELL to:

1) Reinstate the Plaintiff to his former or equivalent position with all wage increases, benefits, bonuses and emoluments to which he would have been entitled had he not been unlawfully discharged.

2) Award to Plaintiff back pay for the time period from December 9, 2016 to the date of the Court's order.

3) Award the Plaintiff liquidated damages in an amount equal to all losses incurred due to his unlawful discharge.

3) Award prejudgment interest on all unpaid wages and damages.

4) Award the Plaintiff all statutory costs and fees, including a reasonable attorneys' fee.

5) Order such other equitable remedies this court deems necessary.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial on all issues or counts so triable.

Respectfully submitted this 15th day of December, 2017.

**AVERA & SMITH, LLP**

*/s/ Rod Smith*
Rod Smith, Esq.
Florida Bar No.: 0202551
2814 SW 13th Street
Gainesville, FL 32608
(352)372-9999/FAX(352)375-2526
Attorney for Plaintiff
Primary: rodsmith@avera.com
rsservice@avera.com